# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM SHANE COWART**<br>Reg. #10438-003 | **PLAINTIFF** |
| **V.**       NO: 2:17-CV-00142 JM-PSH | |
| **JOHNATHAN FUTRELL,** *et al.* | **DEFENDANTS** |

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff William Shane Cowart filed a *pro se* complaint on August 22, 2017, while incarcerated at the Edgefield Federal Correctional Institute (Doc. No. 2). Cowart was granted leave to proceed *in forma pauperis* on August 23, 2017, and ordered to file an amended complaint describing the facts supporting his claim (Doc. No. 3). Cowart was also ordered to explain why he named defendant Futrell in his official capacity only. *Id.* Cowart filed his amended complaint on October 23, 2017, naming additional defendants and indicating he is suing them in their official

capacities only. *See* Doc. No. 6 at 2. For the reasons stated herein, Cowart's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Cowart sues three federal correctional officers at the Forrest City Federal Correctional Institution in Forrest City, Arkansas, the Federal Bureau of Prisons, and the Department of Justice. Cowart seeks $250,000 in damages and claims he suffered cruel and unusual punishment and denial of medical care. Although his complaint was filed on a § 1983 civil rights form, the Court treats the complaint as one brought pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau*

*of Narcotics,* 403 U.S. 388 (1971) ("Bivens"). A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities because such claims are barred by sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Because Cowart sues federal agencies and individual defendants in their official capacities only, Cowart's complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Cowart's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 31st day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE