IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**WILLIAM SHANE COWART**                                                              **PLAINTIFF**
Reg. #10438-003

v.                                       No: 2:17-cv-00142 JM-PSH

**JONATHAN FUTRELL,** *et al.*                                                     **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff William Shane Cowart filed a *pro se* complaint on August 22, 2017, while incarcerated at the Edgefield Federal Correctional Institute (Doc. No. 2). Cowart sued three federal correctional officers at the Forrest City Federal Correctional Institution in Forrest City, Arkansas, the Federal Bureau of Prisons, and the Department of Justice. Cowart seeks $250,000 in damages and claims he suffered cruel and unusual punishment and denial of medical care. Although his complaint was filed on a § 1983 civil rights form, the Court treats the complaint as one brought

pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights. Cowart's official capacity claims and his claims against the Federal Bureau of Prisons and the Department of Justice were previously dismissed. *See* Doc. Nos. 7 & 9.

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts, claiming that Cowart had not exhausted his claims against them before he filed this lawsuit (Doc. Nos. 17-19). In support of their motion for summary judgment, defendants submitted the declaration of James D. Crook (Doc. No. 19-1). Cowart filed a response to the defendants' motion and a statement of facts (Doc. Nos. 31-32), but did not dispute the facts asserted by defendants. Rather, Cowart argued the merits of his case and did not address the issue of whether he had exhausted his administrative remedies. Because Cowart failed to controvert the facts set forth in defendants' statement of undisputed facts, Doc. No. 19, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927

(8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   Undisputed Facts

1. Plaintiff, William Shane Cowart, Register Number 10438-003, is a 37-year-old federal inmate. *See* Doc. No. 19-1 at ¶ 7; Doc. No. 2.

2. Cowart is serving a sentence for a violation of a condition of his supervised release. Doc. No. 19-1 at ¶ 7. His expected release date with good conduct time is May 1, 2021. *Id*.

3. Since July 1, 1990, all administrative remedy requests from each institution, Regional Office, and Office of General Counsel of the Bureau of Prisons have been recorded and

maintained in the SENTRY computer system. Doc. No. 19-1 at ¶ 5. Any inmate submission, whether accepted or rejected at any level, is permanently recorded. *Id.*

4. Administrative remedy requests, upon entry into the SENTRY system, are given a remedy ID number generated by the SENTRY system. *Id.* at ¶ 6. The administrative remedy request retains the same remedy number if rejected and later resubmitted and while it is on appeal to the Regional Director and to the Office of General Counsel. *Id.* The remedy number will be assigned different suffixes based on its status. *Id.*

5. As of December 6, 2017, Cowart had filed five administrative remedy requests since his incarceration with the Bureau of Prisons. *Id.* at ¶ 8.

6. SENTRY records show that Cowart has not filed an administrative remedy request since April of 2016. *Id.* at ¶ 9.

7. On April 27, 2017, the legal department for the South Central Region of the Bureau of Prisons received a claim from Cowart regarding the January 4, 2017 incident. *Id.* at ¶ 11. That claim contained allegations against officer Futrell only, and it was processed as an administrative tort claim. *Id.* at ¶ 12.

### IV. Analysis

Defendants correctly assert that they are entitled to summary judgment because Cowart failed to exhaust his administrative remedies before he filed this lawsuit.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The Bureau of Prisons (BOP) has a three-tiered administrative procedure for inmate grievances which is codified at 28 C.F.R. §§ 542.10 – 542.19. Inmates must first attempt to resolve their grievance or complaint informally with prison staff. 28 C.F.R. § 541.13(a). If that attempt is unsuccessful, the inmate must submit a Request for Administrative Remedy to the Warden at the local institutional level. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, the inmate must appeal to the Regional Director within 20 days of the Warden's response, and, in turn, to the Office of the General Counsel, Bureau of Prisons, Washington, D.C. (the "Central Office"), within 30 days of the Regional Director's response. 28 C.F.R. § 542.15(a). The Regional Director has 30 days to respond to an appeal and the Central Office has 40 days to respond to an appeal. 28 C.F.R. § 542.18. The administrative remedy process for a grievance is not deemed exhausted unless it has been properly presented and denied at all three levels. *See e.g., Marlin v. Raper*, 2007 WL 779710, *3 (E.D. Ark. 2007).

Cowart did not follow the BOP's administrative remedy procedure with respect to the alleged constitutional violations described in his lawsuit. In his amended complaint, Cowart alleged that defendant Futrell slammed a food tray metal door on his hand on January 4, 2017, and that Cowart was subsequently denied appropriate medical care. Doc. No. 6 at 5-7. Cowart also complains that he was forced to sleep on a top bunk from December 1, 2016, to January 23, 2017, despite his medical restrictions. *See* Doc. No. 6 at 7; Doc. No. 31 at 2.

According to Crook's declaration, as of December 6, 2017, Cowart had not filed an administrative remedy request since April 2016, several months before the events complained of in this lawsuit. Cowart filed an administrative tort claim in April 2017 concerning the January 2017 incident in which his hand was slammed in the door, but an administrative tort claim does not serve to exhaust administrative remedies. *See Payton v. Thompson,* No. 2:13-CV-92-DPM-JJV, 2015 WL 252277, at *5 (E.D. Ark. Jan. 20, 2015) (explaining that any exhaustion required to support a claim under the Federal Tort Claims Act (FTCA) does not serve as exhaustion for a *Bivens* claim). Cowart has therefore not exhausted his administrative remedies with respect to the claims raised in this lawsuit, and defendants are entitled to summary judgment.

## V.  Conclusion

Cowart did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, defendants should be awarded summary judgment and Cowart's claims against them be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 20th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE